UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                    Case No. 18-cr-196-pp

ZACHARY CLOYD,

        Defendant.

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 88)**

On July 28, 2021, this court sentenced the defendant to twenty-seven months in custody and a total of five years supervised release following his guilty plea to charges of possession with intent to distribute ecstasy pills and marijuana and being a prohibited person in possession of a firearm. The defendant began his five-year supervised release term on June 28, 2023; it is scheduled to expire on June 28, 2028. The defendant has filed an unopposed motion for early termination of his supervised release. Dkt. No. 88.

Under 18 U.S.C. §3583(e)(1), a district court may terminate a defendant's supervised release after the defendant has served at least one year if, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the court finds that early termination is "warranted by the conduct of the defendant released and the interest of

1

justice." 18 U.S.C. §3583(e)(1). Judge Lynn Adelman considered this provision and paraphrased it as containing three requirements:

> (1) the defendant has served at least one year of supervision;
> (2) the government is given notice and an opportunity to be heard; and
> (3) termination is in the interest of justice based on the pertinent § 3553(a) factors and the defendant's conduct.

United States v. O'Hara, Case No. 00-Cr-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011) (citing United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998) and United States v. Lowe, 632 F.3d 996, 998-99 (7th Cir. 2011)). While explaining that district courts possess "wide discretion in making the determination whether to terminate supervised release early," Judge Adelman cautioned that courts have held "that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination." O'Hara, 2011 WL 4356322, at *3 (collecting cases). He explained that the defendant carries the burden of proving that he has done more than just follow the rules. Id. The district court need not make explicit findings on each of the §5353(a) factors, but it must give some indication that it considered those factors. See Lowe, 632 F.3d at 998 (citing United States v. Carter, 408 F.3d 852, 854 (7th Circ. 2005); United States v. Hale, 107 F.3d 526, 530 (7th Cir. 1997); and United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003)).

The defendant has been on supervised release for longer than one year, and the government and probation have confirmed that they do not oppose the

defendant's motion. The court must determine whether early termination is in the interest of justice, based on the §3553 factors and the defendant's own conduct.

The first §3553(a) factor is the seriousness of the offense, and there is no question that the defendant's offense was serious. In 2018, officers obtained a search warrant based on information that the defendant, who previously had been convicted of a felony, possessed a firearm and sold drugs out of his residence. Dkt. No. 72 at 4, ¶13. Officers found the defendant lying face down with a loaded firearm, hammer pulled back, loaded with ten rounds in the magazine and one round in the chamber. Id. Officers also discovered another firearm, oxycodone pills, ecstasy, cocaine base, marijuana, a digital scale, cutting agents, packaging materials, cellular phones, a flip phone and cash. Id. at ¶14. A witness told officers that the defendant carried a firearm in his waistband every day, and that the witness had observed heroin on the defendant's kitchen table. Id. at ¶16. The defendant's three children were upstairs when officers executed the warrant. Id. at ¶13. The defendant admitted that the firearms belonged to him and that he used—and sold—the drugs. Id. at ¶17.

The second §3553(a) factor is the defendant's personal history and characteristics. The revised presentence report states that in 2010, at age twenty, the defendant had two separate convictions on charges of possession with intent to distribute heroin and manufacture/delivery of heroin, for which he received consecutive terms of two years imprisonment. Id. at ¶44. The state

3

court twice revoked the defendant while he was on supervised release. Id. The defendant was on state supervision when he was arrested on the instant offense.

Another facet of the defendant's history and characteristics is how he has chosen to spend his time on supervised release. After entering the Residential Reentry Center (where he resided for six months), the defendant immediately obtained employment as a box truck driver and took a second job as a caregiver for a family friend through BLS Home Care. Dkt. No. 88 at 2. His probation officer has verified that he now works full-time in health care. Id. at 2. The defendant also reports that he started a lawn care service with his family. Id. at 5. The defendant's parents and his aunt have offered to purchase a cargo van so that the defendant can start his own transportation company, but the commercial transportation industry requires drivers to be able to travel between states freely and on short notice. Id. at 9. The defendant explains that supervised release is an obstacle because he may not be able to give sufficient notice to his probation officer to take a job. Id.

The defendant has married his partner of eighteen years, the mother of his three children (ages eight, ten and fifteen). His wife currently qualifies for Section 8 housing but the defendant and his wife do not feel the current options are safe for their children. Id. at 8. The defendant hopes to relocate his family to the city of Lawrenceville in Gwinett County, Georgia so he can raise his children in a safer environment. Id. The defendant's wife already has spoken to the local housing authority in Georgia, so the family is prepared to

4

move without the defendant to get the children enrolled in what the defendant and his wife have determined to be a better school. Id. Meanwhile, the defendant has taken steps to start a non-profit youth mentoring organization, "Trillionaire Dreams," and wants to intervene in the lives of troubled youth. Id. at 5.

Over the past two years, the defendant has had one minor supervised release violation related to marijuana use following the death of his aunt and murder of his cousin in the fall of 2023. He has stayed clean since the incident and has completed Thinking for a Change three times. Id. at 2. He openly discussed this violation with his probation officer and has not had any further violations while on supervised release. Id. at 3. His probation officer represents that he is on a low level of supervision and that she does not oppose the termination of his supervised release.

There are three other §3553(a) factors that are relevant: the need to deter others from engaging in the kind of conduct the defendant engaged in, the need to protect the public from him and any rehabilitation that continued supervision might provide. As for deterrence, the court would hope that the defendant's prison term would (to the extent other people know about it) deter others from engaging in the kind of conduct for which the defendant was convicted. As to the protection of the public, the defendant has taken steps to ameliorate any threat that he posed by committing to the Thinking for a Change program, applying positive strategies, staying clean and, as best the court can tell, staying away from guns. And the defendant has fully utilized the

5

resources probation has provided to him while on supervised release, working to rehabilitate himself.

The defendant's conduct, and the §3553(a) factors, weigh in favor of the court taking the unusual step of terminating the defendant's supervised release early. The court commends the defendant on the positive changes he has made while on supervision and encourages him to keep up the good work, for himself and for his family. The court wishes him well.

The court **GRANTS** the defendant's motion for early termination of supervised release. Dkt. No. 88.

Dated in Milwaukee, Wisconsin this 15th day of October, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**